IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STINGRAY IP SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 2:21-CV-00043-JRG |
| | § | |
| SIGNIFY N.V., | § | |
| SIGNIFY (CHINA) INVESTMENT CO., | § | JURY TRIAL DEMANDED |
| LTD., | § | |
| SIGNIFY HONG KONG LIMITED, | § | |
| SIGNIFY NETHERLANDS B.V., and | § | |
| SIGNIFY POLAND SP. Z.O.O., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR EXPEDITED JURISDICTIONAL DISCOVERY AND TO EXTEND TIME TO RESPOND TO DEFENDANT SIGNIFY N.V.'S MOTION TO DISMISS**

Plaintiff Stingray IP Solutions, LLC ("Stingray") moves for expedited jurisdictional discovery and to extend the time to respond to Defendant Signify N.V.'s ("Signify NV") Motion to Dismiss (Dkt. No. 23) (the "Motion"). Limited jurisdictional discovery is necessary for Stingray to fully respond to Signify NV's Motion.

## I.   Factual Background

Stingray filed the above-captioned lawsuit against Signify NV on February 8, 2021, alleging infringement of U.S. Patent Nos. 6,958,986, 6,961,310, and 7,027,426. Dkt. No. 1. On May 31, 2021, Signify NV filed a Motion to Dismiss for lack of personal jurisdiction. Dkt. No. 13. Stingray amended its complaint on June 14 to add Defendants Signify (China) Investment Co., Ltd., Signify Hong Kong Limited, Signify Netherlands B.V., and Signify Poland Sp. z.o.o.

On June 28, 2021, Signify NV filed a Motion to Dismiss Plaintiff's First Amended Complaint, again alleging a lack of personal jurisdiction, but also arguing for dismissal due to the absence of Signify North America Corporation ("Signify NAC") as a party to the case, as well as the first-to-file rule. Dkt. No. 23. In its Motion, Signify NV raised several issues: the relationships between Signify NV, the other Signify Defendants, and Signify NV's U.S. subsidiaries (especially Signify NAC); and whether this Court is the proper venue for this action. To support its Motion, Signify NV relies heavily on broad assertions that Signify NV is "simply a Dutch holding company" (Mot. at 2) that participates in none of the alleged infringing actions of Defendants. *See, e.g.*, Mot. at 17. Signify NV also asserts that Signify NAC is "a necessary and indispensable party" to this case. Mot. at 17. The only evidence Signify NV offers to support these assertions is the declaration of Erik Vermeulen, who is, notably, ***not*** an employee of Signify NV or Signify NAC. Dkt. No. 23-1 at ¶¶ 1-3. He is instead Legal Counsel for Signify Netherlands B.V., a defendant that Signify NV's counsel has stated that they do not represent and cannot accept service for.

As part of Signify NV's Motion, it seeks to relocate this dispute to the District of New Jersey, where Signify NV's U.S.-based subsidiary, Signify North America Corporation, has filed a declaratory judgement action on the same patents and claims at issue here. Signify NV's tactical attempt to choose its venue for this dispute requires dismissal of Signify NV from these cases, as well as a disregard of the first-to-file doctrine that clearly establishes this Court as the proper venue for this litigation. It is within this context that Signify NV has made a number of tactical decisions that are aimed at halting this proceeding in favor of the New Jersey action. Amongst those decisions are: (1) the filing of the Motion to Dismiss; (2) refusal to allow its counsel to accept service on behalf of the co-Defendant Signify subsidiaries; and (3) its outright opposition to both jurisdictional discovery and Stingray's requested extension to respond to the Motion to Dismiss while the issue of discovery was considered by the Court.

Though Stingray sought a longer extension of its deadline to respond to the Motion to allow the Court to consider this request for jurisdictional discovery before Stingray's filing of its response to the Motion, Signify NV initially refused to agree to any extension at all, and ultimately would not agree to an extension any longer than three days. Accordingly, Stingray is filing this request for jurisdictional discovery on the same day that it will file its Opposition to the Motion to Dismiss. However, the filing of its Response to the Motion to Dismiss is not an indication that the requested discovery is not needed. Rather, Stingray's Response is provided based on publicly available information and without the benefit of the jurisdictional discovery that is necessary to fully investigate the underlying facts relevant to a determination of this Court's jurisdiction over Signify NV. Therefore, Stingray requests an extension of the deadline to respond to the Motion to Dismiss and to re-file its Response after discovery, or alternatively, permission to file a supplemental Response after jurisdictional discovery is completed.

Because Stingray is unable to fairly respond to Signify NV's Motion without first conducting discovery into the issues presented therein, Stingray requests focused, expedited discovery into the jurisdictional issues raised in Signify NV's Motion. These issues include the veracity and completeness of its declarant's statements, the relationships between Signify NV, Signify NAC, the other Signify Defendants and subsidiaries. This discovery is necessary to determine the true nature regarding Signify's corporate structure, the contacts that Signify NV maintains with Texas and this District, and other factual allegations in Signify NV's Motion. Signify NV is opposed to any jurisdictional discovery, including the relief requested herein.

## II.   Argument and Authorities

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 n.13 (1978). "[B]ecause the Rules favor broad discovery, jurisdictional discovery should only be denied where it is impossible that the discovery 'could . . . add[ ] any significant facts' that might bear on the jurisdictional determination." *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)). "Since evidence of jurisdictional facts is often largely or wholly in the possession of an adverse party, broad jurisdictional discovery also ensures that jurisdictional disputes will be 'fully and fairly' presented and decided." *Id*. "A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013).

### A. Stingray Requires Jurisdictional Discovery to Fully and Fairly Respond to Signify NV's Motion to Dismiss.

Here, discovery is necessary to test the veracity and completeness of the factual allegations

presented in Signify NV's Motion. Indeed, jurisdictional discovery is the only avenue for Stingray to fully respond to Signify NV's Motion. Signify NV has supported its Motion with only a single declaration from an employee of a Signify entity other than Signify NV (the movant). *See* Dkt. 23-1. Further that declaration provides only broad statements regarding Signify NV's role in the Signify Group and relation to other Signify entities. *See, e.g., id.* at ¶ 7 ("Signify N.V. is a holding company that does not itself manufacture, design, sell, or offer to sell any products."). Notably, the declarant's statements are either contrary to, or insufficiently address, the publicly available evidence that Stingray has cited in its First Amended Complaint to establish that Signify NV is subject to the jurisdiction of this Court.

Stingray's First Amended Complaint (Dkt. No. 15, the "Amended Complaint") is based on publicly available information that shows Signify's strong presence in the U.S. and establishes an interconnectedness between Signify NV and its subsidiaries. For example, Signify NV's Annual Report states that it "operates in many countries via its subsidiaries . . . which primarily act under the Signify trade name." Amended Complaint at ¶ 4 (*citing* Signify Annual Report at 54). Additionally, Signify's Annual Report also states that Signify NV "controls" its subsidiaries and "has the ability to affect" the financial returns it receives from subsidiaries "through its power over" them. Amended Complaint at ¶ 15 (*citing* Signify Annual Report at 91).[1] Signify NV's statements in its Motion and declaration conflict with these publicly available statements, and only refute them with vague assertions that Signify NV does not control its subsidiaries. Signify NV's Motion omits any supporting documentation or corroborating evidence of its declarant's statements. As such, Stingray is unable to verify the assertions, test the completeness, and gather

---

[1] These examples are non-exhaustive. In its Motion, Signify NV ignored and failed to rebut Stingray's factual allegations demonstrating Signify NV's control over its subsidiaries.

evidence to respond to the Motion through any avenue but discovery.

There is an information asymmetry between the parties: without jurisdiction-related discovery, Stingray can only use publicly available information to oppose the Motion to Dismiss, whereas Signify NV has access to both publicly available and internal confidential (and non-confidential) information to support its Motion. As such, Stingray's requested discovery is required to fully respond to Signify NV's Motion. Moreover, because Stingray believes that Signify NV's Motion fails to present a fair and complete recitation of all facts relevant to the Court's jurisdiction analysis, Stingray should be allowed to conduct the "broad jurisdictional discovery" permitted in similar cases. *See, e.g.*, *Blitzsafe Tex. LLC*, 2019 WL 2210686, at *3.

Further, Signify NV's Motion and the declaration cited within raise more questions than they answer. For example, Signify NV asserts in its motion that "each of the companies within the Signify Group of companies are separate and distinct corporate entities." Mot. at 19. However, even the declarant required to support this position on behalf of Signify NV is an employee of a different Signify entity—Signify Netherlands B.V. See Dkt. 23-1 (Decl. of Erik Vermeulen, Senior Legal Counsel for Signify Netherlands B.V). This would suggest that the Signify companies, including Signify NV and Signify Netherlands B.V., have a shared legal department. Such information, if true, conflicts with Signify NV's "separate and distinct" assertions. And sharing legal departments could be an indicator that other responsibilities are distributed across the Signify Group, contrary to the strict maintenance of "corporate formalities" that the Motion suggests.

Additionally, Signify NV's Motion ignores many of the factual allegations that Stingray asserts in its Amended Complaint regarding Signify NV's control of its subsidiaries and infringing activities performed by all Defendants, including how Signify NV's Board of Management is the "chief operating decision maker" that regularly evaluates the subsidiaries that comprise the

components of Signify Group's various business activities. *See* Amended Complaint at ¶ 3 (*citing* Signify Annual Report at 90). Instead, Signify NV vaguely and repeatedly asserts that it is only a holding company that "simply indirectly owns" the other companies at issue. Mot. at 21. While these examples are not exhaustive, they demonstrate that Stingray requires additional, non-public information from the declarant, the Signify Defendants, and the Signify U.S. subsidiaries to fully and fairly respond to Signify NV's Motion. Without jurisdictional discovery, the declaration is untested by cross-examination and uncorroborated by document production.

### B. Stingray Requests Targeted Expedited Jurisdictional Discovery

As shown, discovery is warranted. And the expedited jurisdictional discovery that Stingray seeks bears specifically on the Court's analysis of Signify NV's Motion. Particularly, Stingray requests the following expedited jurisdictional discovery:

1. Depositions limited to 35 total hours on the record. This limited time would allow, for example, for half-day depositions of the following deponents: the declarant—Erik Vermeulen, Signify North America Corporation, Genlyte Group Inc., WiZ Connected Lighting Co. Limited, (each of the foregoing secured through appropriate subpoenas), and a 30(b)(6) deposition to Signify N.V. and co- Defendants Signify (China) Investment Co., Ltd., Signify Hong Kong Limited, Signify Netherlands B.V., and Signify Poland Sp. z.o.o.

2. 15 total interrogatories and 15 document requests directed to Signify N.V.

3. 10 total document requests each to Defendants Signify (China) Investment Co., Ltd., Signify Hong Kong Limited, Signify Netherlands B.V., and Signify Poland Sp. z.o.o., and to third-parties Signify North America Corporation, Genlyte Group Inc., WiZ Connected Lighting Co. Limited, (each of the foregoing secured through appropriate subpoenas).

Each of Stingray's proposed discovery requests will be directly related to Signify NV's

Motion to Dismiss and the Court's jurisdictional analysis. Stingray proposes that the Signify Defendants and third-party Signify subsidiaries respond to and produce documents in response to written discovery requests within <u>fourteen days</u> of service. Further, given that Stingray will be required to secure evidence through subpoenas, Stingray requests that the Court allow sixty days to complete expedited jurisdictional discovery. *See, e.g.*, *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 2:17-CV-00430-JRG, 2019 WL 2210686, at *4 (E.D. Tex. May 22, 2019) (allowing plaintiff to serve third-party subpoenas and ordering venue discovery be completed within sixty days). Lastly, Stingray requests that its jurisdiction-related discovery not count toward any limitations which will be set forth in the Court's future Discovery Order governing this matter.

### C. Stingray's Time to Respond to Signify NV's Motion to Dismiss Should be Extended Pending Jurisdictional Discovery

Stingray's proposed jurisdictional discovery is necessary to facilitate fair and full adjudication of the jurisdictional dispute. As such, Stingray respectfully requests the opportunity to complete the expedited jurisdictional discovery prior to responding to Signify NV's Motion to Dismiss, which is currently due July 15. Specifically, Stingray requests that the Court extend the deadline to respond to fourteen days after the close of jurisdictional discovery. Alternatively, if this request is not considered by the Court prior to Stingray's filing of its response to the Motion, Stingray requests permission to supplement its response following completion of the jurisdictional discovery period. Should the Court deny the present motion, Stingray alternatively requests that its deadline to respond be extended to seven days after any Court order denying this motion.

### III.   Conclusion

For the foregoing reasons, Stingray requests that the jurisdictional discovery requested herein be permitted and corresponding relief in responding to the Motion to Dismiss be accorded.

<table>
<tr><td>**Dated: July 15, 2021.**</td><td>Respectfully submitted,

*/s/ Terry A. Saad*
Jeffrey R. Bragalone (lead attorney)
Texas Bar No. 02855775
Terry A. Saad
Texas Bar No. 24066015
Marcus Benavides
Texas Bar No. 24035574
Hunter S. Palmer
Texas Bar No. 24080748
**BRAGALONE OLEJKO SAAD PC**
2200 Ross Avenue
Suite 4600W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jbragalone@bosfirm.com
tsaad@bosfirm.com
mbenavides@bosfirm.com
hpalmer@bosfirm.com

Wesley Hill
Texas Bar No. 24032294
**WARD, SMITH, & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
STINGRAY IP SOLUTIONS, LLC**</td></tr>
</table>

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff Stingray, from both lead firm and local firm, met and conferred with counsel for Defendant Signify NV, Brady Cox, via telephone conference and email correspondence on July 13 and July 15 regarding the relief requested herein and in compliance with the requirements of Local Rule CV-7(h). On July 13, the parties met and conferred via telephone conference regarding Plaintiff's request for jurisdictional discovery. In advance of that meet and confer, Plaintiff identified to Signify NV the specific scope of discovery that it was seeking. At the time of the meet and confer, counsel for Signify NV had not consulted with its client to formulate a position on the requested relief, but informed Stingray that Signify NV was very likely opposed to any jurisdictional discovery. On July 15, counsel for Signify NV confirmed via email to Stingray that Signify NV opposes the requested jurisdictional discovery and this motion in its entirety.

*/s/ Jeffrey R. Bragalone*
*/s/ Wesley Hill*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, Marshall Division, on July 15, 2021, to be served via the Court's electronic filing system upon all counsel of record.

*/s/ Terry A. Saad*